IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.   Case Nos.:   5:05cr45/MW/GRJ
                   5:16cv216/MW/GRJ

RODDERICK TRINARD DAVIS

### REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion to Amend or Correct a Sentence Pursuant to Amendment 794 and Title 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence." (ECF No. 449.) Petitioner seeks sentencing relief based on Amendment 794 to the U.S. Sentencing Guidelines, specifically the amendment to the Application Notes to section 3B1.2 of the Guidelines, governing adjustments for mitigating roles in the offense. As an initial matter, regardless of the application of Amendment 794 to Petitioner's case, a motion pursuant to § 2255 is not the proper vehicle for seeking such relief.

A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a);

Case Nos.: 5:05cr45/MW/GRJ; 5:16cv216/MW/GRJ

McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Thus, as a § 2255 motion, Petitioner's request for relief is due to be denied.

Motions pursuant to 18 U.S.C. § 3582 are typically the appropriate vehicle for seeking relief based upon amendments to the Sentencing Guidelines. (See ECF Nos. 426, 434.) In the interest of judicial economy, the undersigned recommends that the instant motion, as presented, be reconstrued as a motion pursuant to § 3582 rather than requiring Petitioner to reframe his request for relief. Even if this places Petitioner's motion in the proper procedural posture for review, a review of the record suggests that Petitioner is not entitled to relief.

The Presentence Investigation Report reveals that Petitioner was a supplier of kilogram quantities of cocaine who was ultimately held accountable for distributing 72.5 kilograms of cocaine. (PSR ¶¶ 20, 25.) Other individuals were held accountable for 55 kilograms, 8.5 kilograms or

9 kilograms, respectively.   (PSR ¶¶ 16-19.)   Petitioner's role was not that of a minimal or minor participant as contemplated by Amendment 794. Therefore, even if § 3582 relief were procedurally available to Petitioner as an avenue for relief, the undersigned finds that factually such relief would not be warranted.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 5:05cr45/MW/GRJ; 5:16cv216/MW/GRJ

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. Petitioner's request for § 2255 relief (ECF No. 449) be denied, and the clerk be directed to recharacterize his motion as a request for relief under 18 U.S.C. § 3582.

2. Petitioner's recharacterized request for relief pursuant to 18 U.S.C. § 3582 be denied.

3. A certificate of appealability be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 1st day of August 2016.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy**

Case Nos.: 5:05cr45/MW/GRJ; 5:16cv216/MW/GRJ

thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 5:05cr45/MW/GRJ; 5:16cv216/MW/GRJ